UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

CHRIS MALONE,                          )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )        No.:    1:21-CV-89-KAC-SKL
                                       )
STEVEN ANGLE, et al.,                  )
                                       )
            Defendants.                )

## ORDER FOR SUPPLEMENTAL BRIEFING

On June 14, 2023, the Court held a hearing on Defendants' "Motion for Summary Judgment" [Doc. 54]. At the hearing, the Parties asked to submit additional briefing on various issues that arose during the hearing and claims that were clarified at the hearing [*See* Doc. 81].

To that end, on or before **July 7, 2023**, Defendants may file a supplemental Motion for Summary Judgment with respect to the claims that Plaintiff clarified at the hearing. That supplemental Motion may only address (1) Plaintiff's alternative "viewpoint discrimination" theory of Count One and (2) Plaintiff's three stated legal bases for Count Two: (a) viewpoint discrimination in violation of the due process clause, (b) procedural due process denial based on the policy HR0525, and (c) Plaintiff's argument that the University of Tennessee-Chattanooga football "Mission Statement"—the "clear set of standards" referenced by Plaintiff in his Second Amended Complaint—is void for vagueness. Plaintiff shall file any response to Defendants' supplemental Motion on or before **July 28, 2023**. *See* E.D. Tenn. L.R. 7.1(a). No filing may exceed fifteen (15) pages. Defendants may file any reply within seven (7) days after service of any response by Plaintiff. *See* E.D. Tenn. L.R. 7.1(c). Any reply must not exceed five (5) pages.

Further, on or before **July 7, 2023**, the Parties **SHALL** file supplemental briefs related to:

1. Whether Plaintiff has standing to obtain a declaratory judgment from this Court that the University of Tennessee-Chattanooga's "Mission Statement" is void for vagueness, as requested in Count Two, now that the University of Tennessee no longer employs Plaintiff;

2. Any request, whether joint or individual, that the Court take judicial notice of specific facts related to the broader political context and other events occurring in the United States around the time that (1) Plaintiff posted his tweet on January 5, 2021 and (2) the response to that tweet was received by the University of Tennessee;

3. Under *Williams v. Commonwealth of Kentucky*, 24 F.3d 1526, 1536 (6th Cir. 1994) (requiring the court to "focus . . . on the disruption resulting from the speech itself, not other events"), the extent to which the Court should treat as evidence of "disruption" to the University specific statements made by individuals or entities that reference Plaintiff's tweet but also reference other events; and

4. The extent to which Defendant Rusty Wright had actual or apparent authority to effectuate any "adverse action" under *Kubala v. Smith*, 984 F.3d 1132, 1141 (6th Cir. 2021) and what record evidence exists as to Plaintiff's understanding, if any, of Defendant Rusty Wright's authority to terminate Plaintiff, or request his resignation.

No supplemental brief may exceed ten (10) pages. Each Party may file a response to the opposing Party's supplemental brief within seven (7) days after service. No response may exceed five (5) pages.

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

2